United States District Court

For the Northern District of California

1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   CTF DEVELOPMENT, INC., a Delaware              No. C 09-02429 WHA
     Corporation,
11

12              Plaintiff,

13      v.                                          **ORDER DENYING
                                                    DEFENDANT'S MOTION
14   PENTA HOSPITALITY, LLC, a California            TO STAY OR DISMISS**
     Limited Liability Company,
15

16              Defendant.
                                          /

17                          **INTRODUCTION**

18          In this trademark-infringement action, defendant moves to stay or, in the alternative,

19   moves to dismiss plaintiff's claim for cyberpiracy.  For the reasons stated below, the motion is

20   **DENIED**.  The hearing set for August 20, 2009, is hereby **VACATED**.

21                          **STATEMENT**

22          This action commenced on June 2, 2009.  Plaintiff CTF Development, Inc. sued Penta

23   Hospitality, LLC ("Hospitality"), alleging numerous claims, including trademark infringement

24   and violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C.

25   1125(d).  CTF seeks an injunction and damages.

26          CTF is the United States affiliate of Penta Hotel Holdings, Ltd., who has developed

27   hotels, motels, and resorts in Germany and England under the PENTA trademark.  CTF and its

28   affiliates also operate hotels, motels, and resorts in the United States under the mark.  CTF filed

     a trademark application for PENTA with the United States Patent and Trademark Office on

United States District Court

For the Northern District of California

1  June 9, 2006.  Its statement of use was filed on November 18, 2008, and the mark was

2  registered on January 27, 2009.  According to the pleading, the PENTA mark has been used in

3  connection with CTF's Ko'a Kea Hotel in Hawaii since at least as early as September 23, 2008.

4  It is also alleged that CTF has had exclusive rights to the mark since 2006.

5  Hospitality started using the mark PENTA HOSPITALITY in January 2007 in

6  connection with hotel and real estate investment, development, and management.  The company

7  registered its domain name, www.pentahospitality.com, on December 28, 2006.  Despite

8  receiving a letter from CTF dated November 10, 2008, that provided notice of CTF's rights to

9  the PENTA mark, Hospitality allegedly continues to use the mark.

10  Two weeks before the complaint was filed in this action, Hospitality filed a petition to

11  cancel the mark with the Trademark Trial and Appeal Board, asserting CTF did not use the

12  mark as claimed and it made fraudulent statements to the PTO.  Hospitality asserted that even

13  though CTF declared in its trademark application that it intended to use the mark for meetings,

14  conferences, exhibitions, congresses, seminars, symposiums, and workshops, CTF's Ko'a Kea

15  Hotel does not in fact provide facilities for such use.

16  CTF moved to suspend the TTAB proceedings pending final disposition of this civil

17  action, and the TTAB granted the motion.  The TTAB stated the following in its order staying

18  the cancellation proceeding (Exh. H at 2):

19      It is the policy of the Board to suspend proceedings when the
        parties are involved in a civil action, which may have a bearing on
20      the Board case.  *See* Trademark Rule 2.117(a).  Moreover,
        [Hospitality] concedes in its brief that 'the issues in the two
21      actions . . . are . . . contingent upon each other. . . .'  Accordingly,
        proceedings are suspended pending final disposition of the civil
22      action between the parties.

23      If the district Court stays the civil action pending resolution of the
        cancellation proceeding, the Board will entertain a motion to lift
24      the suspension herein.

25  Hospitality now moves to stay this action or, in the alternative, to dismiss CTF's

26  cyberpiracy claim.

27

28

2

**United States District Court**
For the Northern District of California

**ANALYSIS**

**1.    MOTION TO STAY.**

Hospitality moves to stay all proceedings in this action pending the outcome of a trademark cancellation proceeding filed with the TTAB.  According to Hospitality, CTF made a material misrepresentation to the PTO during prosecution of its application.  Hospitality claims that if the TTAB determines the mark was secured through fraud, the mark would be cancelled, changing the scope of the trademark infringement claims in this action.  The TTAB previously granted CTF's motion to stay the cancellation proceeding.  While the Court acknowledges that the TTAB has stayed its own proceeding in favor of the district court going forward first, it may have been more efficient in this instance for the TTAB to rule on cancellation first, considering that the TTAB has the expertise, not the district court.  On the other hand, where there is an infringement claim that may require the district court to resolve much or all of the same issues, then it may save time to settle those issues in the district court.  *See Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007).

Given that the TTAB has already stayed its own proceeding, the best course of action is to allow the parties to take reasonable discovery and to allow defendant to present the cancellation issues at summary judgment and perhaps trial.  The evidence gathered during discovery will be useful for either the TTAB or this court, regardless of whom finally adjudicates the issues.  As such, the action will not be stayed at this time, and discovery should go forward.  After a reasonable amount of time for discovery has passed, the Court may reexamine whether there is justification for staying this action and the TTAB reopening the cancellation proceeding.  The motion to stay is **DENIED**.

**2.    MOTION TO DISMISS.**

Besides moving to stay, Hospitality alternatively moves to dismiss CTF's third claim alleging that Hospitality violated the Anticybersquatting Consumer Protection Act, 15 U.S.C. 1125(d).  The ACPA states:

> (A) A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person

3

United States District Court

For the Northern District of California

1    (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and

2

3    (ii) registers, traffics in, or uses a domain name [that is identical or confusingly similar to another's mark or dilutes another's famous mark].

4

5    15 U.S.C. 1125(d); *see also Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 680 (9th Cir.

6    2005).

7    To state a claim under the ACPA, the plaintiff must own a valid trademark.  Hospitality

8    contends that CTF did not have any rights in the PENTA mark when Hospitality registered its

9    domain name, www.pentahospitality.com, on December 28, 2006.  According to Hospitality,

10   CTF did not use the mark until September 2008, more than two years after Hospitality's domain

11   name registration.  But the complaint alleges that the mark was used *"at least as early as*

12   September 23, 2008" and CTF further pleads that its exclusive right to the PENTA mark dates

13   back to 2006 (Compl. ¶¶ 10, 21) (emphasis added).  Whether CTF, in fact, used the mark back

14   in 2006 may later be disputed, but at the motion to dismiss stage, these allegations are sufficient

15   to state a claim.

16   Next, Hospitality argues that the complaint alleges no facts to show bad faith intent as

17   required for a claim under the ACPA.  The ACPA lists nine factors that may be considered

18   when determining whether bad faith intent exists.  *See* 15 U.S.C. 1125(d)(B)(i).  The complaint

19   alleges that "[d]efendant's bad faith intent to profit from use of the PENTA name in its website

20   constitutes a cyberpiracy," "[d]efendant had actual or constructive knowledge of CTF's

21   trademark rights prior to using, or continuing to use the Mark," and "[d]efendant's use of the

22   Mark is being conducted with the intent to deceive the public into believing Defendant's

23   services are affiliated with CTF" (Compl. ¶¶ 24, 39, 51).  In support of its argument that there

24   was no bad faith intent, Hospitality presents a slew of unsupported allegations in its brief,

25   including that it has "innocently developed goodwill" in the PENTA HOSPITALITY brand and

26   it has "only employed the Domain Name as a means of promoting Hospitality's unique suite of

27   services" (Br. 13).  These factual defenses and arguments are inappropriate for a motion to

28

4

1  dismiss.  The complaint properly states a claim for cyberpiracy under the ACPA.  The motion to

2  dismiss the cyberpiracy claim is **DENIED**.

3                                               **CONCLUSION**

4          For the reasons stated above, Hospitality's motion to stay or dismiss is **DENIED**.  The

5  hearing on the motion scheduled for August 20, 2009, is **VACATED**.

6          **IT IS SO ORDERED.**

7



8  Dated:  August 17, 2009.

                                               WILLIAM ALSUP
9                                              UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5